ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 1 2 2010

at 8 o'clock and 45 min A M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| THOMAS R. PITTS, an individual, ENIS LLC, a Washington limited liability company, MICHAEL WILES and GERALDINE WILES, husband and wife, SHARON WATT NEY, a married woman,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF PROPERTY OWNERS OF KEAUHOU ESTATES, a Hawaii non profit corporation,<br><br>Defendants. | Civil No. CV08-00414 HG KSC<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE AND FOR COMTEMPT FILED AUGUST 9, 2010<br><br><br>Hearing Date: September 21, 2010<br>Time: 10:30 a.m.<br>Judge: Hon. Kevin S. Chang |

FINDINGS AND RECOMMENDATIONS TO DENY
PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE AND
FOR COMTEMPT FILED AUGUST 9, 2010

On August 9, 2010, Plaintiffs THOMAS R. PITTS, ENIS LLC, MICHAEL WILES, GERALDINE WILES, and SHARON WATT NEY, filed a MOTION FOR ORDER TO SHOW CAUSE AND FOR COMTEMPT (the "Motion"). On August 31, 2010, Defendant ASSOCIATION OF PROPERTY OWNERS OF KEAUHOU ESTATES filed its Memorandum in Opposition to the Motion. On September 10, 2010, Plaintiffs filed their Reply Memorandum in support of the Motion. On September 21, 2010, the Motion came on for hearing before the

Honorable Magistrate Kevin S. Chang, at 10:30 a.m., with Micheal O'Connor, Esq., and Geraldo W. Scatena, Esq., appearing on behalf of Plaintiffs THOMAS R. PITTS, ENIS LLC, MICHAEL WILES, GERALDINE WILES, and SHARON WATT NEY (collectively "Plaintiffs"), and Matt A. Tsukazaki, Esq., appearing on behalf of Defendant ASSOCIATION OF PROPERTY OWNERS OF KEAUHOU ESTATES ("AOPO"), and the Court having duly considered the motion and memoranda, and the arguments of counsel, and after being fully advised in the premises, and good cause appearing therefor;

The Court hereby entering the following Findings of Fact:

1. The Motion is mistakenly entitled a motion to show cause and for contempt, but it is actually a motion that seeks injunctive relief to prohibit the AOPO from taking any action to institute restrictions against short-term rentals of homes in the Keauhou Estates property.

2. This court does not have the jurisdiction to issue injunctive relief. See 28 U.S.C. §636 (b)(1)(A) ("a judge may designate a magistrate judge to hear and determine any pretrial matters pending before the court, except a motion for injunctive relief...."). Therefore, the court hereby enters the following findings and recommendations.

3. The court has the power to hold a party in civil contempt if the party disobeys "a specific and definite court order by failure to take all reasonable steps

within the party's power to comply. The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." In re Dual-Deck Video Cassette Recorder Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993)(citation omitted).

4. Plaintiffs complain that the AOPO has intentionally violated the Order Granting Summary Judgment filed on May 28, 2010, entered by the Honorable District Court Judge Helen Gillmor.

5. The limited issue raised by Plaintiffs' Motion for Summary Judgment and which was before the court was whether the AOPO received the necessary number of valid votes to pass the amendment to its Declaration of Covenants, Conditions, and Restrictions of Keauhou Estates prohibiting short-term rentals. Plaintiffs sought an order stating that the amendment was not validly tasked and was unenforceable.

6. The court determined that ten votes were invalid because the owners were delinquent in the payment of assessments to the AOPO. As a result, the AOPO did not reach the necessary 75 percent threshold to pass the amendment. Accordingly, the court held that the amendment prohibiting short-term rentals allegedly passed on March 31, 2008, was not approved by 75 percent of the members as required by the governing Declaration of Covenants, Conditions, and Restrictions of Keauhou Estates, and was, therefore, unenforceable.

7. The Certificate of Amendment recorded in the Hawaii Bureau of Conveyances on April 14, 2008, and the Amendment to the Certificate of Amendment recorded in the Hawaii Bureau of Conveyances on May 2, 2008, were not binding.

8. The court did not issue an order that restricted the AOPO's ability to take further actions to prohibit short-term rentals.

9. Accordingly, the adoption and implementation of the Rental Resolution by the AOPO did not violate the May 28, 2010 Order. The AOPO is not in contempt of the May 28, 2010 Order.

10. Accordingly, since there is no specific and definite court order that was violated by the AOPO, the court hereby finds and recommends that Plaintiffs' Motion be denied.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai'i, October 8, 2010.

KEVIN S. CHANG
UNITED STATES MAGISTRATE JUDGE

---

THOMAS R. PITTS, et al. vs. ASSOCIATION OF PROPERTY OWNERS OF KEAUHOU ESTATES, Civil No. CV08-00414HG-KSC; *FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE AND FOR COMTEMPT FILED AUGUST 9, 2010*